IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-66-D

| | | |
|---|---|---|
| JOHN D. MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIM MALFITANO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 3, 2017, plaintiff John D. McAllister ("McAllister" or "plaintiff"), appearing pro se, filed his complaint alleging violations of 42 U.S.C. § 1983 [D.E. 1]. On November 27, 2017, McAllister amended his complaint and added Interlocal Risk Financing Fund ("Interlocal") as a defendant [D.E. 38]. On December 11, 2017, Interlocal moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim [D.E. 43]. On December 28, 2017, McAllister responded in opposition [D.E. 48]. On February, 20, 2018, McAllister moved to file a second amended complaint and add additional defendants [D.E. 51]. As discussed below, the court grants Interlocal's motion to dismiss and grants in part McAllister's motion to amend his complaint.

I.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case."

Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005). Because McAllister asserts that this court has subject-matter jurisdiction, he must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 103–04; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677-79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (emphasis and quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766,

2

776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5.

McAllister's amended complaint alleges that various defendants violated his rights under the Fourth Amendment and that the Jacksonville Police Department "willfully, intentionally, and maliciously falsely arrest[ed] and wrongfully incarcarate[d]" him for 15 days. Am. Compl. ¶¶ 18–21. McAllister seeks "a declaration" that defendants violated his constitutional rights, a preliminary and permanent injunction "ordering Police Chief Michael Yaniero, Detective Tim Malfitano, Detective Steven A Selogy [sic], and IRFFNC to issue a public apology for the wrongfully, willfully, intentionally, and malicious arrest[,]" and damages. Id. ¶¶ 23–31. McAllister's only specific and non-conclusory allegation concerning Interlocal, however, is that Interlocal "provides liability insurance to members of the City of Jackonsville and [its] Police Department." Am. Compl. ¶ 17.

To the extent McAllister argues that Interlocal violated his constitutional rights, that claim fails. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). First, McAllister has not plausibly alleged that Interlocal is a state actor. Thus, any section 1983 claim against Interlocal is "dismissed for lack of jurisdiction." Wiggins v. 11 Kew Garden Court, 497 F. App'x 262, 263 (4th Cir. 2012) (per curiam) (unpublished). Second, and in any event, McAllister fails to allege Interlocal's personal involvement. Thus, the court dismisses McAllister's section 1983 claim against Interlocal.

3

To the extent McAllister seeks money damages, an injunction, or any other form of relief from Interlocal, McAllister similarly fails to state a claim. Ordinarily, a plaintiff "must sue either the tortfeasor in tort, or perhaps his own insurance company in contract[,]" but the plaintiff "cannot sue the tortfeasor's insurance company directly." Donald v. Liberty Mut. Ins. Co., 18 F.3d 474, 480 (7th Cir. 1994). A plaintiff may, however, sue a third-party's insurance company if he can show he is a direct beneficiary under the insurance contract. See, e.g., Woolard v. Davenport, 166 N.C. App. 129, 136, 601 S.E.2d 319, 324 (2004). A plaintiff proceeding under a direct beneficiary theory must allege: (1) the existence of an insurance contract between two other persons; (2) that the contract was enforceable; and (3) that the contract was "entered into for his direct, and not incidental, benefit." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 79 N.C. App. 81, 85–86, 339 S.E.2d 62, 65 (1986), rev'd on other grounds, 322 N.C. 200, 367 S.E.2d 609 (1988); see Hoots v. Pryor, 106 N.C. App. 397, 408, 417 S.E.2d 269, 276 (1992); Metric Constructors, Inc. v. Indus. Risk Insurers, 102 N.C. App. 59, 63, 401 S.E.2d 126, 129 (1991). McAllister did not plausibly allege that Interlocal and the Jacksonville Police Department entered into the liability insurance contract for his direct benefit. Thus, McAllister cannot sue Interlocal directly.

To the extent McAllister seeks a declaration that Interlocal will be liable to him if the Jacksonville Police Department is found liable to him, the court lacks subject-matter jurisdiction to adjudicate such claim. In order for a federal court to adjudicate a claim for a declaratory judgment, both Article III of the Constitution and the Federal Declaratory Judgment Act require an "actual controversy." Steffel v. Thompson, 415 U.S. 452, 458 (1974); 28 U.S.C. § 2201. A federal court has jurisdiction over a declaratory judgment action when three elements are met: "(1) the complaint alleges an 'actual controversy' between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over

4

the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." Volvo Constr. Equip. N. Am. Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (quotation omitted). An actual controversy exists when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937).

> Courts have found the case or controversy requirement lacking when the plaintiff has no interest in the case, when the defendant has no interest in the case, when no conflict exists in the case, when there is no adverse claimant, when there is no conflict in the case because of a defect in the parties and when there is no legal relationship between the parties.

Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489, 1491 (11th Cir. 1988). Here, McAllister has not plausibly alleged any legal relationship between Interlocal and McAllister. Thus, "there is no basis on which to rule either party liable to the other." Id. Accordingly, the court grants Interlocal's motion to dismiss.

II.

As for McAllister's motion to amend, under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962).

The amendment would not be prejudicial, and McAllister has not acted in bad faith. McAllister, however, cannot name Interlocal as a defendant in his second amended complaint.

Therefore, the court grants in part McAllister's motion to amend.

The second amended complaint is due no later than May 15, 2018. Defendants may plead in response to the second amended complaint in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(3).

III.

In sum, the court GRANTS Interlocal's motion to dismiss [D.E. 43] and GRANTS in part McAllister's motion to amend [D.E. 51]. The amended complaint is due no later than May 15, 2018.

SO ORDERED. This 30 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge